IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAMELA PECK, | § | |
|        Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:21-CV-21-378 |
| | § | |
| ALEJANDRO MAYORKAS, | § | |
| SECRETARY, DEPARTMENT OF | § | |
| HOMELAND SECURITY, | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT, | § | |
|        Defendant. | § | PLAINTIFF DEMANDS A JURY TRIAL. |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes PAMELA PECK, hereinafter referred to as the Plaintiff or as Ms. Peck, complaining of ALEJANDRO MAYORKAS, SECRETARY of the DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION and CUSTOMS ENFORCEMENT, hereinafter referred to as the Defendant or as the Agency, and as and for her cause of action against said Defendant, Plaintiff would respectfully show the Court as follows:

**NATURE OF THE CASE**

(1)  This is a civil action brought by the Plaintiff under the provisions of the Equal Pay Act of 1963, 29 U.S.C. § 206 (d) (the EPA), wherein the Plaintiff complains that the Defendant has discriminated against her on the basis of sex by paying her wages or salary at a rate less than that paid to male employees for work performed by her equal to that performed by male employees.

**JURISDICTION**

(2)  This Court has jurisdiction of this civil action under the provisions of 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 216 (b), and 42 U.S.C. § 2000e-16.

## VENUE

(3)     Venue of this civil action is proper in the San Antonio Division of the Western District of Texas inasmuch as the unlawful discriminatory acts of which the Plaintiff complains occurred in the Western District of Texas, San Antonio Division.

## PARTIES

(4)     The Plaintiff, PAMELA PECK, is an individual who resides in San Antonio, Bexar County, Texas. At all times material and relevant hereto, the Plaintiff was an "employee" [as that term is defined at 29 U.S.C. § 203 (e)] of the Department of Homeland Security, Immigration and Customs Enforcement, and was assigned to the Office of the Principal Legal Advisor, San Antonio, Texas. Ms. Peck is female.

(5)     The Defendant, ALEJANDRO MAYORKAS, is the Secretary of the Department of Homeland Security, an executive department of the United States government. Immigration and Customs Enforcement is a component agency of the Department of Homeland Security. At all times material and relevant hereto, the Department of Homeland Security, Immigration and Customs Enforcement, was the Plaintiff's "employer," as that term is defined at 29 U.S.C. § 203 (d).

The Defendant may be served with summons herein by delivering the same, together with a copy of this Complaint, by certified mail, return receipt requested, to Mr. Alejandro Mayorkas, Secretary, at Office of the General Counsel, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave., S.E., Mail Stop 0485, Washington, D.C. 20528-0485, to Mr. Merrick Garland, Attorney General of the United States, at the U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001; and to Ms. Ashley C. Hoff, United States Attorney for the Western District of Texas, Attention: Civil Process Clerk, Ms. Stephanie Rico, at 601 NW Loop 410, Suite 600, San Antonio, Texas 78216.

## FACTS

(6) At all times material and relevant hereto, the Plaintiff, PAMELA PECK, has been employed by the Defendant as a Field Legal Operations (FLO) employment law attorney, assigned to the San Antonio Office of the Principal Legal Advisor (OPLA)[1], Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE). She was hired on or about August 12, 2012 as a General Attorney, GS-0905-14. Her current position title is Assistant Chief Counsel, GS-0905-14.

(7) Ms. Peck began her employment with the federal government with the United States Department of Justice, Immigration and Naturalization Service (INS), where she was assigned as a GS-14 employment law attorney in INS' Central Regional Office in Dallas, Texas. When DHS was created by Congress in March of 2003, Ms. Peck was reassigned to the newly created Citizenship and Immigration Services (CIS) as a GS-14 employment law attorney.

(8) On December 14, 2003, Ms. Peck was promoted to the GS-15 pay grade, and continued to work as an employment law attorney. She worked for CIS as a GS-15 employment law attorney until April 10, 2010, by which time she had progressed to GS-15, Step 5. On or about April 10, 2010, she resigned her position with CIS to accept a position as a labor and employment law attorney with the U.S. Army in Ansbach, Germany. A little over two (2) years later, on August 12, 2012, she was hired by ICE as an employment law attorney in San Antonio, Texas, and was assigned as a GS-14, Step 10.

(9) At the time Ms. Peck was hired, in August of 2012, most employment law attorneys within OPLA were employed as Senior Attorneys, GS-0905-15. Although Ms. Peck had previous

---

1. Formerly known as the Office of the Chief Counsel (OCC) San Antonio.

experience as a GS-15 employment law attorney with CIS, she was hired by ICE as a GS-14, and the Agency has since refused to upgrade her position to the GS-15 level despite the fact that she does GS-15 work, and has done GS-15 work since 2012.

(10)     Prior to August 16, 2012, all OPLA employment law attorneys, regardless of their grade or assigned duty station, were employed under DHS' Labor and Employment Law Division (LELD).

(11)     But, on or about August 16, 2012, the Agency began implementation of a new program, entitled the Full Service Legal Model (FSLM).  Pursuant to the FSLM, all labor and employment law attorneys who were then employed at the GS-15 grade level were thereafter designated as Senior Attorneys, and all remaining attorneys (anyone not employed at the GS-15 grade level) were designated Assistant Chief Counsels.  Pursuant to the FSLM, Senior Attorneys were to remain on their existing Position Description and Performance Work Plan.  Nothing was said in that regard about existing Assistant Chief Counsels.  But, the FSLM also provided that, "New field attorneys hired to perform labor and employment law duties, will be assigned to the existing, GS-14 PD [Position Description] and PWP [Performance Work Plan] for the present time."

Pursuant to the FSLM, both Senior Attorneys and Assistant Chief Counsels were to litigate cases relating to labor and employment law, and represent the Agency before the Equal Employment Opportunity Commission (EEOC), the Merit Systems Protection Board (MSPB), federal district courts, the Federal Court of Claims, and the Office of Special Counsel.  Both Senior Attorneys and Assistant Chief Counsels were also tasked with conducting legal sufficiency reviews of the Office of Professional Responsibility investigations, draft adverse actions against Agency employees, review disciplinary actions drafted by Employee and Labor Relations, assist in Performance Improvement Plans, fitness for duty cases, EEO mediations and investigations, and

review Agency, DHS, and government-wide policies and proposed regulations. Certain training responsibilities were also assigned by the FSLM to both Senior Attorneys and Assistant Chief Counsels.

In other words, per the FSLM, there was to be no difference between the work performed by Senior Attorneys and Assistant Chief Counsels.

(12)     Since the FSLM was implemented, all field employment law attorneys, whether graded as GS-14 employees or as GS-15 employees, have performed, and continue to perform, equal work requiring equal skill, effort and responsibility under similar working conditions within the same organization. Despite that fact, the Agency has refused to pay, and continues to refuse to pay, Ms. Peck equal pay for equal work as that performed by the male employment law attorneys graded as GS-15 employees.

(13)     Kaleb Kasperson, a male, was hired by ICE as a GS-14 field employment law attorney, GS-14, at or about the same time as Ms. Peck, and was originally assigned to the Miami Office of the Chief Counsel. Despite the fact that the Agency has taken the position that, under the FSLM, all existing GS-14 attorneys cannot progress beyond the GS-14 grade level, sometime during the Summer of 2016, Mr. Kasperson was "promoted" to a GS-15 position, and was reassigned to the Denver Office, reportedly as the result of a settlement agreement entered into by and between the Agency and Mr. Kasperson.

(14)     Ms. Peck inquired about Mr. Kasperson's "promotion," and requested that the Agency similarly upgrade her position to the GS-15 level, but the Agency refused.

(15)     In addition, all male GS-15 employment law attorneys who were and still are designated Senior Attorneys, but who continue to perform the same work as Ms. Peck, have continued to be paid at a rate significantly greater than Ms. Peck.

(16) On August 26, 2016, Ms. Peck contacted an EEO counselor and complained about the pay inequity between her and Mr. Kasperson and other male employment law attorneys.

(17) On December 5, 2016, Ms. Peck filed a formal complaint of discrimination against the Agency, and, on July 17, 2017, a report of Investigation was issued.

(18) Ms. Peck timely requested a hearing before an EEOC Administrative Judge, but, on May 31, 2019, the Administrative Judge assigned to the case granted summary judgment to the Agency.

(19) Ms. Peck timely appealed that decision to the EEOC's Office of Federal Operations (OFO), which, on November 4, 2020, affirmed the Administrative Judge's summary judgment in favor of the Agency.

(20) Ms. Peck requested reconsideration by the OFO, which, on January 13, 2021, denied Ms. Peck's request.

(21) Ms. Peck has exhausted all available administrative remedies, and this civil action is being timely filed.

## CAUSES OF ACTION

(22) The Plaintiff, PAMELA PECK, now brings this civil action against the Defendant, ALEJANDRO MAYORKAS, SECRETARY of the DEPARTMENT OF HOMELAND SECURITY, alleging that the Defendant has willfully violated the Equal Pay Act of 1963, 29 U.S.C. § 206 (d) by paying her wages or salary at a rate less than that paid to male employees for work performed by her equal to that performed by male employees. As relief from said violation of law, Ms. Peck seeks an order of this Court directing the Defendant to (a) adjust her pay, by increasing her pay to the same rate of pay paid to male employees performing equal work as she performs, (b) to pay her back pay, measured by the difference between the amounts she has been paid, and the

amounts paid to male employees performing equal work, during the time period beginning three (3) years prior to the date this civil action is being filed, and ending on the date judgment is entered herein, (c) to pay an additional amount equal to that ordered to be paid pursuant to paragraph (b), as liquidated damages, and (d) to pay her her reasonable attorney's fees and court costs incurred herein.

(23)   Plaintiff demands a jury trial of this civil action.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, PAMELA PECK, respectfully prays that summons be duly issued and served upon the Defendant, ALEJANDRO MAYORKAS, SECRETARY of the DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION and CUSTOMS ENFORCEMENT, and that, upon final hearing hereof, she shall have and recover judgment of and from said Defendant for the relief requested hereinabove, and for such other and further relief to which she may show herself justly entitled.

Respectfully submitted,

    /s/ Glen D. Mangum
GLEN D. MANGUM
Texas State Bar No. 12903700

315 E. Euclid
San Antonio, Texas 78212-4709
Telephone No. (210) 227-3666
Telecopier No. (210) 595-8340
E-mail: gmangum@sbcglobal.net

**ATTORNEY FOR PLAINTIFF PAMELA PECK**